UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| VS. | § | CRIMINAL ACTION NO. H-06-89 |
| | § | |
| SUGENTINO PERCEL, ERIC VASQUEZ, | § | |
| JESUS ALEJANDRO OSORIO | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER ON RULE 404(b) EVIDENCE

The government has notified the defense and this court of its intention to use evidence admissible pursuant to Rule 404(b) of the Federal Rules of Evidence against the defendants. The government has stated that it intends to introduce evidence that in November of 2005 the defendants Sugentino Percel and Eric Vasquez assisted in having approximately 15 kilograms of cocaine picked up from defendant Jesus Osorio's apartment in Houston, Texas, while Osorio was present. The cocaine was placed in a vehicle, which was driven to Boston, Massachusetts, where the cocaine was delivered. The government argues that such evidence would establish that the defendants had the motive, opportunity, and intent to commit the crimes for which they are being tried, would establish their preparation, plan and knowledge of such crimes, and that the crimes were not committed by mistake or accident.

The defendants argue the probative value of such Rule 404(b) evidence would be far outweighed by its undue prejudice because such evidence is not worth the risk that the jury would, by reason of this evidence alone, convict them. They also argue that

the risk is enhanced by the fact that the government has a great deal of evidence already admitted to establish the intent of the defendants.

Rule 404(b) provides that although evidence of other crimes is not admissible to prove the bad character of a person, it is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This Court is required by *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)(en banc) to make a two-pronged analysis before admitting Rule 404(b) evidence. First the court must determine whether the "other crimes, wrongs or acts" offered are relevant to an issue other than the defendant's character. The *Beechum* test for relevancy is the same as that established by Rule 401, that is, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The "extrinsic" evidence should be admitted if the jury could "reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). The government is not required to prove that the defendant was convicted of a crime; Rule 404(b) includes the terms "wrongs" and "acts." *United States v. Gonzalez-Lira,* 936 F.2d 184, 189 (5th Cir. 1991). Nor must the government prove that the "wrongs" or "acts" resulted in an indictment or criminal charges. *Id.*

Second, *Beechum* provides that the court must balance the probative value of the extrinsic evidence against its unfair prejudice. Part of this analysis involves the government's need for the evidence to prove intent, as well as motive, opportunity, preparation, plan, knowledge, and absence of mistake or accident. *Id.*, at 914; *United*

*States v. Henthorn*, 815 F.2d 304, 308 (5th Cir. 1987. Certainly evidence that some months before the commission of the crime alleged in the indictment, the three defendants took virtually identical actions to accomplish the transportation and delivery of multiple kilograms of cocaine would be probative of the defendants intent, motive, opportunity, preparation, plan, knowledge, and absence of mistake or accident in the crimes for which they are on trial. As such it is being offered for a purpose other than to establish the defendants' "bad" character.

Once the first prong has been determined the court must determine the second prong, pursuant to Rule 403, of whether the evidence would cause the defendants unfair prejudice that substantially outweighs its probative value. Because intent is subjective it is ordinarily difficult to prove by direct means. Although it will undoubtedly be prejudicial to the defense such evidence is necessary to the government's attempt to prove the defendants' possessed the requisite intent, as well as motive, opportunity, preparation, plan, knowledge, and absence of mistake or accident in commission of the crimes charged.

In light of the fact that the court will give a limiting instruction, any unfair prejudice will be alleviated.

Accordingly, the court makes the following specific findings pursuant to *Beechum*, Rule 404(b), and Rule 403:

1. The government gave sufficient pretrial notice of its intention to use the 404(b) evidence.

2. The evidence proffered is relevant to an issue other than character, that is, intent, motive, opportunity, preparation, plan, knowledge, and absence of mistake or

accident to conspire to possess cocaine with the intent to distribute it and to aid and abet each other an others in possession with intent to distribute cocaine, the crimes charged in the indictment.

3. The probative value of the evidence outweighs its prejudice to the defendant.

For the foregoing reasons it is hereby ORDERED that the defendants' oral motion *in limine* to exclude the evidence against him, as proffered by the government pursuant to Rule 404(b), is hereby DENIED.

SIGNED at Houston, Texas, this 21st day of November, 2006.

Melinda Harmon
United States District Judge