IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-06-89-4 |
| | § | CIVIL ACTION NO. H-10-1394 |
| SUGENTINO PERCEL | § | |
| Defendant- Movant. | § | |

## AFFIDAVIT

The undersigned Ivan R. LopezDeVictoria does hereby depose and swear to the following:

"Your Affiant was the attorney of Record for Mr. Percel, Defendant in the case styled <u>United States of America vs. Sugentino Percel</u>; Cause No. 4:06-CR-89-001."

"Your Affiant hereby affirms that all the facts contained in this affidavit are true and correct to the best of my knowledge:

"After I was retained by Sugentino Percel, I met several times with the U.S. Attorney to review the evidence and discuss the elements of the crime committed by Percel.

Prior to the trial, I explained Mr. Percel about the rules of evidence, and among them I emphasized that under the Federal law the judge would sentence him taking into consideration his relative conduct, including been charged with all quantities found during the drug interdiction process and that any uncharged portion of the alleged drug quantity could be used to calculate his sentencing range.

Immediately after the U.S. Government informed me that one of the co-defendants was going to testify against Mr. Percel, I conferred with him and explained him that that would be the factor that would tie him down to the elements of the crime.

The U.S. Attorney offered us 48-month imprisonment trying to make Mr. Percel plea guilty to the count of conspiracy. Immediately after receiving the offer I related it to Mr. Percel and explained him the Sentencing Guidelines, about the acceptance of responsibility and safety valve provisions and the advantages of pleading guilty, specifically that since he did not have any prior criminal record, he could benefit from the provisions and qualify for the 48-month imprisonment with the recommendation of the U. S. Government. Percel was also explained that the minimum on a conspiracy charge is 10 years of imprisonment.

1

During the multiple conferences I had with Mr. Percel, I told him that he would really benefit from the offer made by the U.S. Government for a Plea Agreement and 48 month imprisonment. I pointed out that he had 4 small children and that if he would Plea he would have had the chance to raise them. But that if he would go to trial he was looking at 120-month imprisonment. That by the time he had served his children would have been all grown up. When the U.S. Government made the offer Percel had already served more than a year and I pointed out that if he would have accepted the offer he would have already done more than 25% of the 48 months.

I discussed his case with his wife, from whom he had two children and she requested me to try to convince Mr. Percel to plea guilty.

I discuss the case also with his girlfriend Johanny, with whom he had other two children, she also asked me to convince Mr. Percel to plea guilty.

I discussed the case with one of his friends and his friend requested me to convince Mr. Percel to plea guilty.

I also discussed the case with Mr. Parcel's brother and he also asked me to convince Mr. Percel to plea guilty.

I related to Mr. Percel his family and friends' opinions and concerns but Mr. Percel is a very stubborn person. We also discussed several times about the possible testimony of his co-defendants and that the Government had assured me that they would have used their testimony against him during trial. Mr. Percel assured me always that none of the co-defendants would have taken the stand against him. Mr. Percel never believed what I was telling him about what the U.S. Government had informed me.

I conferred with the Assistant U.S. Attorney and asked him that I wanted to interview Bonifacio Hernandez and German Arias but I was told that they had refused to talk to me and I was informed by the Assistant U.S. Attorney that the co-Defendant's were debriefed in the presence of their own attorneys at their own free-will and also testified in open-court, and at none of these statements they declared that they were being coerced into providing testimony for the Government.

Prior to trial Arias' wife telephone called my office and my Paralegal informed me that Arias' wife left a message that he was going to testify against Percel and that it would be a good idea for him to plea. I related the information to Percel.

Percel decided to go to trial against my advise. Even though I advised him about the risks of testifying on his own behalf, he decided to testify against my advise. Prior to trial I prepared Mr. Percel to testify and once more time I advised him about the risks of testifying on his own behalf and the benefit of a plea but he decided to go to trial anyways and testified and the result was that he was found guilty of Counts One and Two of the Indictment."

RESPECTFULLY SUBMITTED,

_____
Ivan R. LopezDeVictoria
Affiant

SUBSCRIBED AND SWORN TO before me this 28 day of February, 2011

_____
Notary Public, State of Texas

FRANCA M. INZILLO
My Commission Expires
July 16, 2011

3

## CERTIFICATE OF SERVICE

I, Ivan R. LopezDeVictoria, do hereby certify that on this the 28th day of February, 2011, a true and correct copy of the foregoing Affidavit mailed to John Richard Berry, United States Attorney's Office. Appellate Division, P.O. Box 61129, Houston, TX 77208-1129 and Sugentino Percel, Reg. No. 39433-179, Federal Correctional Institution, P.O. Box 1000, Loretto, PA 15940.

Ivan R. LopezDeVictoria