**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 0 6 2011

David J. Bradley, Clerk of Court

SUGENTINO PERCEL,
        Petitioner,

vs.

                Docket No.: 4:06-CR-89-001
                H -10-1394

UNITED STATES OF AMERICA
        Respondent.
_____/

### PETITIONERS SUPPLEMENTAL
### TITLE 28 U.S.C. § 2255

COMES NOW, Petitioner, Sugentino Percel, with this his Supplemental Title 28 U.S.C. § 2255, pursuant to Federal Rules of Civil Procedure Rule 15, in light of counsel's sworn allegations presented to the Court and in support provides as follows:

1. Petitioner restates and repleads all the allegations raised in the original Title 28 U.S.C. § 2255 as incorporated herein.

2. In counsel's sworn affidavit to this Court, he takes the position that the Government had offered a 48-month plea offer if Petitioner pled guilty to the conspiracy count and that Petitioner rejected the same. (Sworn Affidavit at Page 1)

3. Counsel further presented that he had met with Petitioner's family and friends and that they had advised counsel to "convince Petitioner to plead guilty." (Sworn Affidavit at Page 2)

4. Further advising the Court that he related his concerns to Petitioner "his family and friend's opinions and concerns, but that Mr. Percel is a very stubborn person."[1] (Sworn Affidavit at Page2)

5. Petitioner provides that at no time during the pretrial preparation, did counsel ever take the opportunity to explain to him that a plea agreement had ever been offered by the Government. This is the first instance in which Petitioner was made aware that a plea agreement that mitigated his overall term of incarceration was ever offered in this case.

6. In fact, Petitioner's family and friends, the same individuals that were listed on counsel's affidavit, have presented their own sworn affidavits attesting that they *never even spoke with counsel*, much less that they were advised that a 48-month plea offer was ever discussed with them. (See Sworn affidavits of Minelva Percel, Andres Percel, Analisia Castillo, Ori Diaz, Analisia Castillo and Sugentino Percel)

7. As such, this Court must agree that based on the new factual allegations raised by counsel, that have been discredited by the same individuals that were allegedly approached by counsel, requires the court to hold an evidentiary hearing to address the contested facts.

---

[1] Notwithstanding counsel's statements to the contrary, Petitioner may be "stubborn" but he is not dumb. If a 48-month plea offer would have been offered as counsel states, Petitioner would have accepted the same and avoided an extended term of incarceration.

## MEMORANDUM OF LAW

## A. COUNSEL WAS INEFFECTIVE THUS CAUSING A SIXTH AMENDMENT VIOLATION FOR HER FAILURE TO ADVISE PETITIONER THAT A PLEA AGREEMENT WAS OFFERED BY THE GOVERNMENT FOR PETITIONER'S ACCEPTANCE

Petitioner presents that counsel at no time prior to the Court directing him to file an affidavit in response to the Title 28 U.S.C. § 2255, was it ever presented to him that a Plea Agreement had been offered. Counsel never showed Petitioner nor his family the Government's offer for his consideration. Counsel was never given the authority to disregard any plea agreement whatsoever in this case. In fact, had it not been for counsel's candid statement on his sworn affidavit, the truth of the matter would have never been discovered. Unfortunately, counsel's affidavit of fact has been discredited by the same individuals he alleges to have contacted in the first place. There was just no mentioning of any plea agreement whatsoever at any stage of the proceedings to Petitioner or his family. Ironically, the Government does not mention the 48-month plea offer in *any* of their responses.

Counsel's in his affidavit presents as follows:

The U.S. Attorney offered us 48-month imprisonment trying to make Mr. Percel plea (sic) guilty to the count of conspiracy. Immediately after the receiving the offer I related it to Mr. Percel and explained him (sic) the Sentencing Guidelines, about the acceptance of responsibility and safety valve provisions and the advantages of pleading guilty, specifically that since he did not have any prior criminal record, he could benefit from the provisions and qualify for the 48-month imprisonment with the recommendation of the U.S. Government.

I discussed his case with his wife, from whom he had two small children and she requested me (sic) to try to convince Mr. Percel to plead guilty.

I discuss (sic) the case also with his girlfriend Johanny, with whom he had other (sic) two children, she also asked me to convince Mr. Percel to plea (sic) guilty.

I discussed the case with one of his friends and his friend requested me (sic) to convince Mr. Percel to plea (sic) guilty.

I also discussed the case with Mr. Percel's brother and he also asked me to convince Mr. Percel to plea (sic) guilty.

*Id.* Counsel Sworn Affidavit, D. E. 534

However, notwithstanding counsel's sworn affidavit, Petitioner was able to secure sworn affidavits from all the parties involved who have stated that they were never contacted by counsel regarding any plea offer whatsoever:

Affidavit of Minelva Percel: After reading the sworn affidavit presented by Mr. Lopez-De-Victoria, I can present to this court that the allegations raised in the affidavit that I was contacted by counsel advising a 48 month plea offer for my brother's case is totally false.

At no time did counsel ever meet with me and explain to me that a plea offer of 48 months was ever made. In fact, we were not allowed to have contact with his attorney as he would not talk to us.

I can attest to this court that counsel's statements are false and that no offer of any 48 month plea or any plea whatsoever was ever relayed to us regarding my brother's case.

In fact, I specifically recall on multiple occasions attempting to inquire on my brother's case, however I was advised by counsel that no information could be released to me unless I contacted my brother's ex-girlfriend Johanny, who had paid and retained his services. He informed us that all information was already being released to Johanny.

Affidavit of Andres Percel: I present to the Court that the statements presented by counsel are false.

At no point did I have contact with my brother's attorney regarding the status of any plea offer whatsoever nor did he ever approach me with a 48 month plea offer in my brother's case. I wish he would have advised me, as I

would have done whatever was possible to make sure my brother would accept the offer.

Ironically, counsel does not even have my phone number or address to be able to say that he made contact with me regarding my brother's case since counsel does not know what part of the United States I reside in.

Sworn Affidavit of Analesia Castillo: I am Analesia Castillo and I have two children with the petitioner in this case, Sugentino Percel. On or about March 5, 2011, I read in detail the affidavit that was provided by prior counsel Ivan R. Lopez-De-Victoria regarding my brother and a 48 month plea offer that was made.

It is totally false that I was ever approached by counsel regarding this alleged 48 month plea offer.

I was not even informed as to the status of the case since the only individual that was maintained abreast of the status of Mr. Percel's case was his ex-girlfriend Johanny who made the financial arrangements with counsel.

Sworn Affidavit of Ori Diaz: My name is Ori Diaz and I am a very close friend of the family and a very close friend of Sugentino Percel.

I do not understand why counsel made such a false allegation before this court, as I have never met or spoken to Ivan Lopez-De-Victoria regarding Mr. Percel's case.

At no stage was I ever approached by counsel or was I ever advised by the family or by any other friends in this case, that a plea offer had ever been made for Mr. Percel.

I find it appalling that counsel would take this position before this court knowing that the same is false.

Sworn Affidavit of Yohany Perez: I am the petitioner's Ex-Girlfriend. On or about March 8, 2011 I received a copy of the sworn affidavit presented by my boyfriends prior trial attorney Ivan R. Lopez-De-Victoria.

After reading the sworn affidavit presented by Mr. Lopez-De-Victoria, I can present to this court that the allegations in the affidavit that I was contacted by counsel advising a 48 month plea offer for my boyfriends case is totally false. There was just no conversation on the matter.

I was never advised that a plea offer of 48 months, or any plea offer at all was ever made. I wish that his statements were truthful, however, counsel is not being candid with the Court.

At no time did counsel ever meet with me and explain to me that a plea offer of 48 months was ever made. Counsel's allegations that he advised me of a plea offer is totally false. Counsel never told me of any plea offer at all, nor did I ever tell counsel that I would advise my boyfriend to accept a plea.

can swear to this Court, that I never had any conversations with counsel over any plea agreement. I have consulted with the rest of the family and they have stated the same thing, that they were not advised nor contacted either.

*Id.* Appendix A, Sworn Affidavits [2]

As this Court can read from the sworn affidavits presented herein, all the individuals that counsel swears were contacted and advised of the 48-month plea offer, were never contacted by counsel and have sworn to this court that counsel is not being forthright with the court. There is not one individual listed as having been contacted by counsel, that will support counsels statements. When counsel's actions are viewed in light of the allegations presented in the original Title 28 U.S.C. § 2255 and in the sworn affidavit in support of the § 2255, this court must agree that Petitioner's allegations are not "bald statements" that are not supported by facts. Counsel merely took it upon himself to reject the Government's offer that Petitioner presents he would have accepted.

In the similar case of *United States Ex. Rd. Caruso v Zelinsky*, 689 F.2d 435 (3rd Cir. 1982), the defendant alleged that his counsel failed to communicate to him a plea offer. The *Caruso* court held that, "[t]he decision is for the accused to make...

---

[2] The Sworn Affidavit of Yohanny Perez is in the process of being signed and will be supplemented to this pleading once the copy arrives.

[and] failure of counsel to advise his client of a plea bargain.., constitutes a gross deviation from the accepted professional standard." *Id.* at 438 Also, in *United States v. Rodriguez*, 929 F.2d 747 (1st Cir. 1991), the First Circuit held that "there is authority which suggest that a failure by defense counsel to inform defendant of a plea offer can constitute ineffective assistance of counsel on ground of incompetence alone..." *Id.*

The Seventh Circuit in *Johnson v. Duckworth*, 793 F.2d 398 (7th Cir.), *cert. denied,* 479 U.S. 937, 107 S.Ct 416, 93 L.Ed 2d 367 (1986), held that "in the ordinary case criminal defense attorney's have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the Sixth and Fourteenth Amendments." *Id.* at 902 The Fifth Circuit in *Beckman v. Wainwright*, 639 F.2d 252 (5th Cir. 1981), held that although an attorney need not "obtain defendant's consent to every trial decision," where the issue is whether to advise the client to plead or not "the attorney has the duty to advise the defendant of the available options and possible consequences" and failure to do so, constitutes ineffective assistance of counsel. *Id.* at 267

The Sixth Circuit in *Turner v Tennessee,* 858 F.2d 1201 (6th Cir. 1988) *vacated on other grounds,* 492 U.S. 902, 109 S.Ct 3208, 106 L.Ed 2d 559 (1989), *reinstated,* 726 F.Supp 113 (M.D. Tenn. 1989), *aff'd,* 940 F.2d 1000 (6th Cir. 1991), *cert. denied,* 112 S.Ct 915, 116 L.Ed 2d 815 (1992), held that an attorney's incompetent advise

resulting in the defendant's rejection of a plea constitutes ineffective assistance of counsel. *Id.* at 1205

In addition, under the *Strickland* test a court deciding whether an attorney's performance fell below a reasonable professional standards can look to the A.B.A. Standards for guidance. *Id. Strickland*, 466 U.S. at 688. The A.B.A. standards of criminal justice provides in relevant part:

> Defense counsel should conclude a plea agreement only with the consent of the defendant, and should ensure that the decision whether to enter a plea of guilty or nolo contender is ultimately made by the defendant.

*Id.* A.B.A. Standards of Criminal Justice, 14-32

The A.B.A. Criminal Justice Standards provide that the ***conclusion*** of a plea agreement should ultimately be decided by the defendant. The use of the term "conclude" implies that the client's consent is needed whether the decision is to accept or reject a plea offer. While *Strickland* explicitly stated that the A.B.A. Standards, "are only a guide," *Strickland,* 466 U.S. at 688, the standards support the conclusion that accepting Petitioner's new allegations as true, defense counsel's conduct fell below reasonable standards.[3] Based on both the A.B.A. Standards and the law of the circuits, this Court must agree that counsel's failure to communicate

---

[3] Ironically, all the court must conclude in this case is whether counsel was truthful in his statement that a Plea Agreement was offered. The missing plea agreement falls squarely within the argument presented in the first Title 28 U.S.C. § 2255 that counsel failed to explain anything related to this case to Petitioner. The failure to explain the application of the guidelines and the failure to even show Petitioner the plea agreement, establishes that counsel never met with Petitioner with the intent to prepare for his case.

the Government's fourth plea offer to Petitioner, constitutes unreasonable conduct under prevailing professional standards.

### 1. <u>Appropriate Remedy</u>

Since Petitioner has shown actual ineffective assistance of counsel, the District Court will have to fashion a remedy that is "tailored to the injury suffered and [does] not necessarily infringe on competitive interests." *United States v. Morrison*, 449 U.S. 361 (1981) Since the remedy for counsel's ineffective assistance should put the defendant back in the position she would have been in if the Sixth Amendment violation would not have occurred, in certain circumstances granting a new trial may not be the appropriate remedy.

The solution to the problem appears to be straight forward. Requiring the government to reinstate it's original plea offer is constitutionally permissible. *See Mabry v Johnson*, 467 U.S. 504, 510 (1971) *See also Partida-Parra*, 859 F 2d at 633, [noting that in certain circumstances "it may be appropriate for the court to order 'specific performance' of the [plea] bargain."] Thus, were as here, the defendant was deprived of the opportunity to accept a plea offer, putting Petitioner in the position she was in prior to the Sixth Amendment violation originally will involve reinstating the original offer.

Requiring the government to reinstate its original offer would also accommodate the policy articulated by the Supreme Court in *Kimmelman v Morrison*, 477 U.S. 365 (1986), where the court held that ["the constitution constraints our ability to allocate as we see fit the ineffective assistance. The Sixth Amendment mandates

that the State [or Government] bear the risk of constitutionally deficient assistance of counsel." *Id.* at 379, 106 S.Ct at 2585

Under *Kimmelman*, even if one might perceive that the Government's competing interest might be infringed by requiring that the original offer be reinstated; a contrary result would impermissibly shift the risk of ineffective assistance of counsel from the Government to Petitioner.

Wherefore, based on the aforementioned facts, this Court must agree that Petitioner was never advised of his right to accept or deny the Government's final offer, and as a result, has received an enhanced sentence, which would have been avoided had he been advised of the Government's offer. Therefore, this Court must hold an evidentiary to determine why Petitioner Percel did not receive the Government's offer and apply the appropriate remedy.

## CONCLUSION

Wherefore, Petitioner respectfully prays this Honorable Court will grant an evidentiary hearing where the issues raised in his Title 28 U.S.C. § 2255 pleading can be addressed on the record.

Done this ___ day of May 2011

Sugentino Percel
Register No.: 39433-179
FTC Oklahoma City
Federal Transfer Center
P.O. Box 898801
Oklahoma City, Ok 73189

## CERTIFICATE OF SERVICE

I hereby do certify that a true and correct copy of this motion was mailed to: AUSA John Berry, 919 Milam Street, Suite # 1500, Houston, TX 77002 via first class mail via the Federal Bureau of Prisons Legal Mail System.

Done this \_\_\_ day of May 2011

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this \_\_\_ day of May 2011 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System with sufficient First Class Postage pre-paid.

Sugentino Percel
Register No.: 39433-179
FTC Oklahoma City
Federal Transfer Center
P.O. Box 898801
Oklahoma City, Ok 73189

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

SUGENTINO PERCEL
      Petitioner,

vs.

UNITED STATES OF AMERICA
      Respondent.

_____/

Criminal No.: H-06-89-4
Civil No.: H-10-1394

## SWORN AFFIDAVIT OF SUGENTINO PERCEL

Comes now Sugentino Percel with this his sworn affidavit in support of his supplemental Title 28 U.S.C. § 2255, and provides the same pursuant to penalty of perjury under Title 28 U.S.C. § 1746 and in support provides as follows:

1. I am Sugentino Percel and I am the petitioner in this case.

2. On or about March 4, 2011, I reviewed a copy of an affidavit provided by my prior attorney Ivan R. Lopez-De-Victoria, where he states he made contact with me where he advised me to accept the Government's plea offer of 48-months and that he consulted with my family and friends on the same topic.

3. I can present that counsel's statement are false.

4. Although counsel incorrectly states that I am, "stubborn" I am not "dumb."

5. At no time did counsel ever advise me that the Government had offered a 48-month plea offer to plead guilty to the conspiracy count.

6. At no time did counsel tell my family or friends that a plea agreement of 48-months was offered. I am sure they would have mentioned the same.

7. Had I known that a 48-month plea agreement was offered, I would have accepted the same and I would not have proceeded to trial.

8. As previously mentioned, there was no explanation of the guidelines and the application of the guidelines relevant conduct. Had there been such an explanation coupled with the 48-monht offer, I would have never proceeded to trial.

9. I am at a lost as to why counsel would not mention the plea offer to me, except that there is a possibility that he overlooked the offer.

10. At no time did I ever advise counsel that I would not accept the 48 month plea agreement. In fact, I wanted to resolve the case without a trial at all means.

11. I never authorized counsel to make any decisions for me regarding the plea agreement at any stage.

12. I provide this affidavit in support of my Title 28 U.S.C. § 2255 since the record must be clear that counsel at no point ever took an opportunity to approach me or my family with any plea offer whatsoever nor did I ever advise counsel that I would not accept a 48-month plea offer.

Done this ___ day of May, 2011.

Sugentino Percel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

SUGENTINO PERCEL
    Petitioner,

vs.                         Criminal No.: H-06-89-4
                             Civil No.: H-10-1394

UNITED STATES OF AMERICA
    Respondent.

_____/

## SWORN AFFIDAVIT OF MINELVA PERCEL

Comes now Minelva Percel with this her sworn affidavit in support of Petitioner's Title 28 U.S.C. § 2255, being provided pursuant to penalty of perjury under Title 28 U.S.C. § 1746 and in support provides as follows:

1. I am the petitioner's Sister. On March 4th 2011, I received a copy of the sworn affidavit presented by my brother's prior trial attorney Ivan R. Lopez-De-Victoria.

2. After reading the sworn affidavit presented by Mr. Lopez-De-Victoria, I can present to this court that the allegations raised in the affidavit that I was contacted by counsel advising a 48 month plea offer for my brother's case is totally false.

3. At no time did counsel ever meet with me and explain to me that a plea offer of 48 months was ever made. In fact, we were not allowed to have contact with his attorney as he would not talk to us.

4. I have never heard of such an offer and I am totally shocked by counsel's allegations that he met with me and my family to advise us of this plea offer. That is a total false statement.

5.   I can attest to this court that counsel's statements are false and that no offer of any 48 month plea or any plea whatsoever was ever relayed to us regarding my brother's case.

6.   In fact, I specifically recall on multiple occasions attempting to inquire on my brother's case, however I was advised by counsel that no information could be released to me unless I contacted my brother's ex-girlfriend Johanny, who had paid and retained his services.  He informed us that all information was already being released to Johanny.

7.   I provide this affidavit in support of my brother's Title 28 U.S.C. § 2255, since I wish to clarify the record that at no stage did counsel ever take an opportunity to advise me of any 48 month plea neither did he ever take the opportunity to even bring us up to date on the status of my brother's case.

8.   In fact, I hardly ever spoke to this attorney regarding this case.

Done this 14 day of March, 2011.

Minelva Percel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

SUGENTINO PERCEL
      Petitioner,

vs.

                                  Criminal No.: H-06-89-4
                                  Civil No.: H-10-1394

UNITED STATES OF AMERICA
      Respondent.

_____/

## SWORN AFFIDAVIT OF ANDRES PERCEL

    Comes now Andres Percel with this his sworn affidavit in support of petitioner's
Title 28 U.S.C. § 2255, and provides the same pursuant to penalty of perjury under
Title 28 U.S.C. § 1746 and in support provides as follows:

    1.  I am Andres Percel and I am the brother of Sugentino Percel, the petitioner
in this case.

    2.  On or about March 4, 2011, I reviewed a copy of an affidavit provided by
brother's prior attorney Ivan R. Lopez-De-Victoria, where he states he made contact
with me, Percel's brother[1] where he advised me to convince my brother to accept a
48 month plea offer.

    3.  I present to this Honorable Court that the statements presented by counsel
are false.

    4.  At no point did I ever have contact with my brother's attorney regarding the
status of any plea offer whatsoever nor did he ever approach me with a 48 month
plea offer in my brother's case.  I wish he would  have advised me, as I would have

---

[1] Ironically, he misspells my brother's last name as Parcel.

done whatever was possible to make sure my brother would accept the offer. In fact, I am sure my brother would have accepted this offer.

5. Had counsel ever taken the opportunity to explain to me that there was in fact a 48 month plea offer, I would attempted to contact my brother and advise him that this was a possible option he should pursue. However, contrary to counsel's fraudulent affidavit, I was never advised of any plea offer whatsoever, nor have I ever talked this attorney regarding any affidavits.

6. In fact, I did attempt on multiple occasions to contact counsel, however, I was advised that no information regarding my brother's case could be released. I find it shocking, and utterly false, that counsel would even mention that he contacted me directly regarding my brother's case, when counsel specifically knows that this is false.

7. Ironically, counsel does not even have my phone number or address to be able to say that he made contact with me regarding my brother's case since counsel does not know what part of the United States I reside in.

8. I provide this affidavit in support of my brother's Title 28 U.S.C. § 2255 since the record must be clear that counsel at no point ever took an opportunity to approach me or my family with any plea offer whatsoever nor did my brother ever advise us that counsel had approached him with a plea offer at all.

Done this _15_ day of March, 2011.

_____
Andres Percel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

SUGENTINO PERCEL
      Petitioner,

vs.

      Criminal No.: H-06-89-4
      Civil No.: H-10-1394

UNITED STATES OF AMERICA
      Respondent.

_____/

## SWORN AFFIDAVIT OF ORI DIAZ

Comes now Ori Diaz with this his sworn affidavit in support of petitioner's Title 28 U.S.C. § 2255, and in support provides as follows:

1. My name is Ori Diaz and I am a very close friend of the family and a very close friend of Sugentino Percel.

2. On or about March 4, 2011, I read an affidavit provided by Sugentino Percel's prior counsel, where he alleges that he contacted friends and his friends requested him to convince him to plead guilty.

3. I do not understand why counsel made such a false allegation before this court, as I have never met or spoken to Ivan Lopez-De-Victoria regarding Mr. Percel's case.

4. I find it shocking that counsel would make such an allegation that he consulted with me regarding a plea offer in this case, when the same is far from the truth.

5.  At no stage was I ever approached by counsel or was I ever advised by the family or by any other friends in this case, that a plea offer had ever been made for Mr. Percel.

6.  I find it appalling that counsel would take this position before this court knowing that the same is false.

7.  I know that had counsel had approached me and advised me that such an offer existed, that Mr. Percel would have consulted with me as a close friend of the family and with the family to advise him in which avenue he should pursue.

8.  However, there was never any mentioning of any offer of a 48 month term of incarceration and never heard any mentioning regarding a plea agreement, I find it rather shocking that such an allegation can be made before this court as untruthful.

Done this ____ day of March, 2011.


_Ori Diaz_
Ori Diaz

SUGENTINO PERCEL
    Petitioner,

vs.

                     Criminal No.: H-06-89-4
                     Civil No.: H-10-1394

UNITED STATES OF AMERICA
    Respondent.
_____/

## SWORN AFFIDAVIT OF ANALESIA CASTILLO

Comes now Analesia Castillo with this her sworn affidavit in support of petitioner's Title 28 U.S.C. § 2255, and provides the same pursuant to penalty of perjury under Title 28 U.S.C. § 1746 and in support provides as follows:

1. I am Analesia Castillo and I have two children with the petitioner in this case, Sugentino Percel. On or about March 5, 2011, I read in detail the affidavit that was provided by prior counsel Ivan R. Lopez-De-Victoria regarding my brother and a 48 month plea offer that was made.

2. I provide to this court that at no point did counsel ever approach me or take an opportunity to advise me that Mr. Percel was offered a 48 month term of incarceration.

3. It is totally false that I was ever approached by counsel regarding this alleged 48 month plea offer.

4. I was not even informed as to the status of the case since the only individual that was maintained abreast of the status of Mr. Percel's case was his ex-girlfriend Johanny who made the financial arrangements with counsel.

5. I wish to provide the truthful facts of this case to clarify the record that at no stage did counsel ever take an opportunity to advise m that a 48 month plea was ever being made or 1 would have requested from Mr. Percel that he accept the same.

6. I find it incredible and I am rather upset that counsel would falsify a document before this court alleging that he had contacted me personally when counsel knows that those statements are incorrect and are a total false.

Done this ____ day of March, 2011.

Analesia Castillo