UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-06-89-4 |
| | § | CIVIL ACTION NO. H-10-1394 |
| SUGENTINO PERCEL | § | |

## OPINION AND ORDER

Pending before the Court is Movant Sugentino Percel's ("Percel") § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 499), to which the Government responded and filed a Motion to Dismiss. Doc. 518. The Magistrate Judge recommended that the Government's Motion to Dismiss be granted and that Percel's § 2255 Motion be denied. Doc. 546. Percel has filed objections to the Magistrate Judge's Memorandum and Recommendation. Doc. 548.

Percel alleges that his counsel was constitutionally ineffective for failing to interview co-defendants who would have offered allegedly exculpatory testimony, failing to advise him how his sentence would be calculated thus rendering his plea involuntary, failing to adequately inform him of the benefits of a guilty plea under the Federal Sentencing Guidelines and the Government's offer of a recommendation for a reduced sentence, failing to object to improper jury instructions, failing to prepare him adequately to testify at trial, and for the cumulative impact of his counsel's errors. Doc. 499.

The Magistrate Judge considered Percel's allegations and determined that he did not satisfy the requirements to establish constitutionally defective counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. 546. The Magistrate Judge found that for each instance of allegedly ineffective counsel, Percel had failed to demonstrate actual deficiency in his counsel's conduct or that the deficiency caused him prejudice or both. *Id.* Percel objects to the

portions of the Memorandum and Recommendation addressing whether Percel's counsel adequately informed him of the Government's plea offer and the potential benefits of a guilty plea under the sentencing guidelines and counsel's failure to object to allegedly improper jury instructions. Doc. 548.

Having considered all applicable motions and the evidence in support thereof, the Magistrate Judge's Memorandum and Recommendation, Percel's objections, the record of the case, and all applicable law, the Court adopts the Magistrate Judge's Memorandum and Recommendation as its own, except that portion dealing with Percel's allegations of ineffective assistance of counsel for counsel's failure to counsel Percel on the benefits of a guilty plea and inform him of the Government's offer for a 48 month sentence recommendation, for which the Court finds that an evidentiary hearing is needed.

1. Percel suffered no prejudice by the allegedly improper jury instructions

In his § 2255 Motion, Percel contends that his "Counsel was ineffective when he failed to object to the improper jury instructions that allowed the jury to draw an[] inference on Petitioner's Fifth Amendment silence during the jury instruction" Doc. 499 at 8. Percel raised this issue on appeal and the Fifth Circuit found that Percel was not prejudiced by this Court's misstatement. This Court agrees with the Magistrate Judge that the Fifth Circuit's determination that Percel suffered no prejudice by the jury instruction is conclusive as to this claim. As the Magistrate Judge stated, "this Court is not in a position to revisit an issue that has been decided on appeal in a § 2255 motion." Doc. 546 at 31 (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is well settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Percel's objection on this ground is denied.

2. Factual Issues Relating to Counsel's Alleged Failure to Inform Percel of the
Government's Plea Offer Require an Evidentiary Hearing

With respect to Percel's contention that his counsel was constitutionally deficient by failing to inform him of the benefits of a guilty plea and the Government's alleged offer of 48 months imprisonment if he pleaded guilty, the Magistrate Judge found that such a failure did not cause Percel prejudice within the meaning of *Strickland*. Doc. 546 at 22 (citing *Strickland v. Washington*, 466 U.S. 668). The Magistrate Judge noted that Percel's counsel, Ivan Lopez de Victoria, submitted affidavit testimony that he fully informed Percel about "the Sentencing Guidelines, about the acceptance of responsibility and safety valve provisions and the advantages of pleading guilty, specifically that he did not have any prior criminal record, he could benefit from the provisions and qualify for the 48-month imprisonment with the recommendation of the U.S. Government." Doc. 534 at 1. Lopez de Victoria asserts that the Government offered a 48 month sentence pursuant to a plea agreement, that he vigorously counseled Percel to accept the Government's offer and plead guilty, and that he also discussed the offer with Percel's family and friends, who requested that Lopez de Victoria attempt to convince Percel to plead guilty. *Id.*

In response, Percel has submitted his own affidavit testimony that Lopez de Victoria did not inform him of the impact of a guilty plea under the Federal Sentencing Guidelines, nor of the Government's offer for a recommendation of a lower sentence pursuant to a plea agreement. Doc. 541. Percel also has submitted affidavits of those family members and friends that Lopez de Victoria allegedly contacted regarding a plea agreement, all of whom deny that Victoria de Lopez contacted them. *Id.*

The Magistrate Judge found that, whether Lopez de Victoria fully informed Percel of the impact of a guilty plea on his sentence and the Government's alleged plea agreement, Percel was

unable to demonstrate prejudice from the potential failure. Doc. 546. As the Magistrate Judge stated, "[s]entencing determinations are the sole province of the District Judge" and "[d]efendants who plead guilty are advised at their Rearraignment Hearing that their sentence cannot be determined at the time a plea is entered." *Id.* at 23. Because the Government's suggestion as to Percel's sentence would not be binding on the Court, the Magistrate Judge found that Percel could not demonstrate prejudice from his counsel's failure to inform him of a potential plea agreement.

Similarly, because "the entering of a guilty plea does not automatically guarantee acceptance of responsibility sentencing reduction under U.S.S.G. §3E1.1" and because U.S.S.G. § 5 K1.1 "are predicated on a defendant's cooperation . . . and the filling [sic] of the motions cannot be compelled," the Magistrate Judge determined that Percel was unable to demonstrate prejudice as a result of counsel's failure to inform him of the effects of a guilty plea under the Guidelines. Doc. 546 at 27-28.

Finally, the Magistrate Judge found that even if "counsel could have and should have discussed the nature of the [plea agreement] conversations with Percel," counsel's failure to inform Percel did not cause prejudice because "Percel has not shown that he expressed, explicitly or implicitly, any interest in pleading guilty, accepting responsibility, and fully cooperating with the Government." Doc. 546 at 25. Percel objects to this finding and asserts that "the only reason . . . [he] chose to maintain his innocence and proceed to trial with the tactics presented during the trial was based only on his lack of knowledge on the availability of a plea offer." Doc. 548 at 4 (emph. omitted).

"Criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution and failure to do so constitutes ineffective assistance of counsel

under the sixth and fourteenth amendments."[1] Here, Percel has introduced affidavit evidence supporting his claim that his counsel failed to inform him of the benefits of a guilty plea under the Guidelines and the availability of a plea agreement with the Government. Doc. 541 at 12. He has also introduced affidavits from family and friends who deny that Lopez de Victoria ever contacted them regarding the availability of a plea agreement. *Id.* at 14-21. The conflicting affidavits indicate a disputed issue of fact. "[C]ontested fact issues in § 2255 cases must be decided on the basis of an evidentiary hearing, not affidavits." *Montgomery v. United States*, 469 F.2d 148, 150 (5th Cir.1972). Therefore, a disputed issue of material fact exists as to which affiant is credible.

Further, the Court does not agree that a district judge's sole discretion in sentencing necessarily precludes prejudice resulting from a defense attorney's failure to inform his client of a plea agreement or the effect of a guilty plea under the Sentencing Guidelines. Although this Court is not bound by the Pre-Sentence Report or the Government's recommendations and § 5K1.1 motions, these are important factors the Court considers when determining a defendant's sentence, as is a defendant's willingness to accept responsibility. If Percel had entered a guilty plea, rather than going to trial, it is possible that he would have benefited from a PSR that reflected his acceptance of responsibility and from the Government's recommendation of a reduced sentence. Indeed, Lopez de Victoria admits that the Government was offering to recommend a 48 month sentence–far less than the 151 months to which Percel was sentenced after trial.

---

[1] *Sanchez v. Quarterman*, 2008 WL 465365, *5 (S.D.Tex. Feb. 18, 2008) (citing *United States v. Blaylock*, 20 F.3d 1458, 1465-66 (9th Cir.1994); *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3rd Cir.1982); *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir.1995) ("[a]lthough we agree that failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel, we find that the record in the present case adequately supports the state court finding that Teague knew of the plea offer and specifically rejected it"); *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir.1986) ("we fully agree with Johnson that in the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth amendments").

Because the Court cannot determine that Percel did not receive constitutionally deficient counsel under the standard of *Strickland v. Washington* on the record currently before it, the Court hereby

**ORDERS** that Movant Sugentino Percel and Percel's former counsel, Ivan Lopez de. Victoria, appear before the Court for an evidentiary hearing on March 23, 2012 at 1:30 p.m. to determine the validity of Percel's claim that counsel failed to inform him of the plea agreement and the implications of the Federal Sentencing Guidelines.  It is further

**ORDERED** that the U. S. Attorney's Office shall provide for the U. S. Marshal's Office forms necessary to have defendant Sugentino Percel transported to Houston for the evidentiary hearing.

SIGNED at Houston, Texas, this 23rd day of February, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE