UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-06-89-4 |
| | § | |
| SUGENTINO PERCEL | § | |
| (CA H-10-1394) | § | |

# ORDER

On April 27, 2012, this Court held an evidentiary hearing to determine the credibility of conflicting testimony presented by Movant Sugentino Percel and Respondent the United States of America in their respective briefs and motions regarding Percel's § 2255 motion to vacate, set aside, or correct sentence. Doc. 499.

Background

Percel filed a § 2255 motion on April 26, 2010, asserting that his counsel at his criminal trial was constitutionally ineffective for failing to interview codefendants who would have offered allegedly exculpatory testimony, failing to advise him how his sentence would be calculated thus rendering his plea involuntary, failing to adequately inform him of the benefits of a guilty plea under the Federal Sentencing Guidelines and the Government's offer of a recommendation for a reduced sentence, failing to object to improper jury instructions, failing to prepare him adequately to testify at trial, and for the cumulative impact of his counsel's errors. Doc. 499. The United States filed a motion to dismiss (Doc. 518). The motion was referred to Magistrate Judge Stacy who recommended that the motion be granted on September 26, 2011. Doc. 546. Percel objected to Judge Stacy's recommendation. Doc. 548.

The Court adopted Magistrate Judge Stacy's recommendation as its own "except that

portion dealing with Percel's allegations of ineffective assistance of counsel for counsel's failure to counsel Percel on the benefits of a guilty plea and inform him of the Government's offer for a 48 month sentence recommendation." Doc. 553 at 2. The Magistrate Judge relied on the affidavit testimony of Percel's former counsel, Ivan Lopez de Victoria, that he fully informed Percel about "the Sentencing Guidelines, about the acceptance of responsibility and safety valve provisions and the advantages of pleading guilty, specifically that he did not have any prior criminal record, he could benefit from the provisions and qualify for the 48-month imprisonment with the recommendation of the U.S. Government." Doc. 534 at 1. The Court found that conflicting affidavit testimony submitted by Percel disputing whether Lopez de Victoria informed Percel of the existence of a plea deal or counseled him and his family on the benefits of pleading guilty created a disputed issue of fact. Doc. 553 at 5. The Court therefore ordered an evidentiary hearing to determine the credibility of the declarants.

At the April 27, 2012 hearing, the Court heard testimony from Sugentino Percel, his former counsel Ivan Lopez de Victoria, Percel's brother Andres Percel, Percel's sister Minelva Percel, and Percel's girlfriend Yohanny Perez.

Findings

At the evidentiary hearing, Percel, his brother, his sister, and his girlfriend all offered testimony that Mr. Lopez de Victoria failed to inform them of the offer of a plea bargain by the United States, failed to inform them of the benefits of pleading guilty under the federal sentencing guidelines, and provided misleading or untrue counsel regarding Percel's likelihood of success at trial. Ivan Lopez de Victoria offered conflicting testimony that he did, in fact, inform Percel of the offer of a plea bargain by the United States, vigorously counseled him to accept that plea agreement, informed him of the likelihood that he would be convicted if he

proceeded to trial, and pressed upon Percel's family members to encourage Percel to plead guilty and accept the offer of a plea agreement.

After hearing the testimony presented by all witnesses, the Court issued a ruling from the bench that it found Percel's testimony not credible, and the testimony of Ivan Lopez de Victoria credible. The credible evidence before the Court indicates that Mr. Lopez de Victoria informed Percel of the existence of an offer of a plea bargain, counseled him to accept that offer, and informed him of the benefits of pleading guilty under the federal system. The Court agrees with Magistrate Judge Stacy that Percel did not receive ineffective assistance of counsel within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984). The Court adopts Magistrate Judge Stacy's memorandum and recommendation as its own. It is hereby

**ORDERED** that the United States' motion to dismiss (Doc. 518) is **GRANTED** and Sugentino Percel's § 2255 motion to vacate, set aside, or correct sentence (Doc. 499) is **DENIED**.

SIGNED at Houston, Texas, this 3rd day of May, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE